1  **UNITED STATES DISTRICT COURT**

2  **DISTRICT OF NEVADA**

3

4  M.T. REAL ESTATE INVESTMENT INC.,

5              Plaintiff,                    Case No.: 2:25-cv-01372-GMN-DJA

       vs.
6
    SERVIS ONE, INC., *et al.*,              **ORDER**
7
              Defendants.
8

9

10      Pending before the Court are the Motion to Dismiss First Amended Complaint, (ECF

11  No. 32), the Motion to Strike First Amended Complaint, (ECF No. 33), and the Motion to

12  Dismiss Complaint, (ECF No. 6), filed by Defendants Servis One, Inc. dba BSI Financial

13  Services ("BSI") and Mortgage Electronic Registration Systems, Inc. ("MERS").  Counsel for

14  Plaintiff, Bryce Finley ("Attorney Finley"), filed a Response to Defendants' Motion to Dismiss

15  First Amended Complaint, (ECF No. 38), and a Response to Defendants' Motion to Strike,

16  (ECF No. 39), on behalf of his client, Plaintiff M.T. Real Estate Investment Inc.  The

17  Responses are identical.[1]  Plaintiff filed the First Amended Complaint ("FAC"), (ECF No. 31),

18  in lieu of a Response to Defendants' Motion to Dismiss Complaint, (ECF No. 6).  Defendants

19  filed Replies in support of the Motion to Dismiss First Amended Complaint, (ECF No. 40), and

20  the Motion to Strike First Amended Complaint, (ECF No. 41).

21      For the reasons discussed below, the Court SANCTIONS Attorney Finley for citing five

22  imaginary and invalid legal authorities Finley admitted "were not in fact real" and were "the

23

24  ---
    [1] Plaintiff, through counsel, originally filed an Omnibus Response to the Motion to Dismiss and Motion to
    Strike. (*See* Omnibus Resp., ECF No. 36).  The Clerk of Court notified Mr. Finley that the Omnibus Response
25  was not filed pursuant to LR IC 2-2(b). (*See* Clerk's Notice, ECF No. 37).  The Clerk of Court instructed Mr.
    Finley to refile ECF No. 36 as two separate documents.  Mr. Finley complied with the notice and thus, ECF Nos.
    38 and 39 are identical.

product of artificial intelligence" that he contends was used by his paralegal, GRANTS the Motion to Strike First Amended Complaint as unopposed, and DENIES the Motion to Dismiss First Amended Complaint as MOOT.  Further, the Court GRANTS the Motion to Dismiss Complaint as unopposed.

## I.    **FACTUAL BACKGROUND**

This case arises from a notice of default sent to Plaintiff by Defendants on April 8, 2025. (Mot. Dismiss FAC 4:3–5 (citing Notice at 2, Ex. I to Mot. Dismiss FAC, ECF No. 32-9)). Plaintiff obtained a grant, bargain, sale deed (the "Sale Deed") to the property subject of this litigation[2] through a probate sale on September 18, 2024. (Sale Deed at 1, Ex. H to Mot. Dismiss FAC, ECF No. 32-8); (Resp. Mot. Dismiss FAC 4:21–22, ECF No. 38).  The Sale Deed states that the property was subject to a Deed of Trust recorded on August 31, 2018 "which the grantee herein assumes and agrees to pay." (Sale Deed at 2, Ex. H to Mot. Dismiss FAC).  The 2018 Deed of Trust secured a loan between borrowers John R. Powell and Linda C. Powell, the original occupants of the property, and lender Freedom Mortgage Corporation. (Deed of Trust at 1–2, Ex. B to Mot. Dismiss FAC, ECF No 32-2).  The Deed of Trust was later assigned to Defendant BSI, which was recorded against the property on December 27, 2022. (Mot. Dismiss FAC 3:17–18, ECF No. 32).  To date, Plaintiff has made no payments on the loan. (*Id.* 4:3).

Plaintiff maintains that the Deed of Trust "was void from the beginning, due to defects in origination, execution, assignment, and enforcement," and that Plaintiff never assumed the loan. (Resp. Mot. Dismiss FAC 4:18–23).  Plaintiff's Complaint alleges claims for: quiet title under NRS 40.010, cancellation of instruments under NRS 107.073, violation of NRS 107.080 and 107.510, breach of contract, breach of implied covenant of good faith and fair dealing, and unfair trade practices under NRS 598A. (Compl. ⁋⁋ 68–105, ECF No. 1-1).  Defendants moved

---

[2] The property is located at 3362 El Camino Real, Las Vegas, Nevada 89121. (Mot. Dismiss FAC 3:4).

1   to dismiss the Complaint, and instead of filing a Response, Plaintiff filed its FAC.  Defendants
2   then moved to dismiss or strike the FAC.

3         Upon review of Plaintiff's Responses to the Motion to Dismiss FAC and Motion to
4   Strike FAC, filed by Attorney Finley, the Court identified five cited authorities which it could
5   not locate:

> 1.  *United States v. $39,000 in U.S. Currency*, No. 2:15-cv-01099-RSM, 2016 WL 7378211 (W.D. Wash. Dec. 20, 2016). (Resp. Mot. Dismiss FAC 7:5–6).
>
> 2.  *Eckert v. Solvay Pharm., Inc.*, 762 F.3d 1269 (9th Cir. 2014). (Resp. Mot. Dismiss FAC 7:19–20).
>
> 3.  *Ah Yee v. United States*, No. 2:12-cv-01564-RCJ-VCF, 2013 WL 1287302 (D. Nev. Mar. 27, 2013). (Resp. Mot. Dismiss FAC 7:20–21).
>
> 4.  *In re Guardianship of Parker*, 464 P.3d 122 (Nev. 2020). (Resp. Mot. Dismiss FAC 8:28).
>
> 5.  B. Lindahl, Nev. Real Prop. Prac. Guide (2024). (Resp. Mot. Dismiss FAC 8:17–18).

The Court ordered Attorney Finley to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c). (Order Show Cause 2:5–9, ECF No. 43).  In his Response, Attorney Finley admitted that the above authorities "were not in fact real" and were "the product of artificial intelligence" that Attorney Finley contends was used by his paralegal. (Resp. Order Show Case 2:22–27, ECF No. 46).

## II.   LEGAL STANDARD

### A.  Sanctions

Under Federal Rule of Civil Procedure ("FRCP") 11(b), when a party presents a court with a "pleading, written motion, or other paper," they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law."  Rule 11

thus "imposes upon counsel an affirmative duty of investigation both as to law and fact before filing." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986)).  A court may impose an appropriate sanction on any attorney who violates Rule 11(b) following notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c).  "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

A district court's ability to impose sanctions is limited by several factors, including the requirement that sanctions imposed must be "proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989).  Moreover, a court may only impose sanctions on its own motion "in situations that are akin to contempt of court." *United Nat. Ins. Co. v. R&R Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001).

### B.  Motion to Strike

FRCP 12(f) provides that the court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Moreover, when considering a motion to strike, courts must view the pleading in the light most favorable to the pleader. *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

### C.  Motion to Dismiss for Failure to State a Claim

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

1  which it rests, and although a court must take all factual allegations as true, legal conclusions

2  couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

3  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

4  of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

5  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

6  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

7  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

9  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

10  If the court grants a motion to dismiss for failure to state a claim, leave to amend should

11  be granted unless it is clear that the deficiencies of the complaint cannot be cured by

12  amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

13  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

14  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

15  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

16  prejudice to the opposing party by virtue of allowance of the amendment, futility of

17  amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

18  ## III.  **<u>DISCUSSION</u>**

19  The Court begins by addressing whether Attorney Finley violated any applicable rules

20  by citing nonexistent "authorities" and whether sanctions are warranted before turning to the

21  pending motions.

22  ### A.  **Violation of FRCP 11(b)(2)**

23  As the use of artificial intelligence grows, more and more courts have had to grapple

24  with the use of imaginary authorities.  In one of the first published federal appellate cases

25  addressing this issue, the Second Circuit observed that "[a]t the very least, the duties imposed

by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (citing *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990)).

Here, as Attorney Finley admits, the five invalid authorities identified by the Court "were not in fact real" and were "the product of artificial intelligence." (Resp. Order Show Case 2:22–27).  While Attorney Finley contends that the five nonexistent authorities were found and cited by his paralegal, he admits that he failed to "verify each authority," the bare minimum which Rule 11 requires. *Banana Republic, Inc.*, 831 F.2d at 1508.  Moreover, under Rule 11, "the signing attorney cannot leave it to some trusted subordinate . . . to satisfy himself that the filed paper is factually and legally responsible;" that duty cannot be delegated. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 125 (1989); *see Mavy v. Commissioner of Social Security Administration*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *7 (D. Ariz. Aug. 14, 2025) (finding a Rule 11(b)(2) violation where counsel failed to verify the accuracy of fake citations generated by artificial intelligence).  Thus, the Court finds that Attorney Finley has violated FRCP 11(b)(2).

However, the Court does not find that Attorney Finley violated Local Rule IA 11-8(d), which subjects an attorney to sanction for failing to comply with the Nevada Rules of Professional Conduct.  Here, it is not clear that Attorney Finley's misconduct violates Rule 3.3 of the Nevada Rules of Professional Conduct.  While submitting false statements of law certainly implicates the duty of candor towards the Court, Rule 3.3 only prohibits false statements of law or fact which were made "knowingly." Nev. R. Pro. Conduct 3.3(a)(1).  Here, Attorney Finley maintains that he did not know that the hallucinated authorities were fake, admitting only that he failed to verify their authenticity.  As far as this Court can discern, the Nevada Supreme Court has not yet considered whether Rule 3.3 applies to his type of misconduct.  Absent such guidance, this Court will not construe Rule 3.3 outside its plain

terms.

**B. Sanctions**

Because the Court considers sanctions here on its own motion for Attorney Finley's violation of FCRP 11(b)(2), it must first determine whether his conduct was "akin to contempt." *United Nat. Ins. Co.*, 242 F.3d at 1116. As other courts facing similar facts have concluded, submitting a filing riddled with citations to non-existent authorities with no inquiry into its contents is akin to contempt. *See, e.g.*, *Mavy*, 2025 WL 2355222, at *7. Moreover, because Attorney Finley was given notice and a reasonable opportunity to respond, (*see generally* Order Show Cause), the Court finds that he is subject to sanction. *Pac. Harbor Cap.*, 210 F.3d at 1118 ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue").

The Court next considers the specific sanctions which "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). First, the Court observes that sanctions imposed by other courts for Rule 11 violations involving citations to non-existent authorities have included, *inter alia*, striking filings, referral to disciplinary authorities, and paying reasonable attorney fees and costs to the opposing party. *See, e.g.*, *Dehghani v. Castro*, 782 F. Supp. 3d 1051, 1059 (D.N.M. May 9, 2025) (collecting cases and affirming referral to disciplinary authorities); *Grant v. City of Long Beach*, 96 F.4th 1255, 1256–57 (9th Cir. 2024) (striking entire opening brief containing citations to two non-existent cases); *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC*, 2025 WL 1440351, at *7 (S.D. Fla. May 20, 2025) (awarding to opposing party attorney's fees and costs incurred in researching and replying to filings containing hallucinated caselaw); *Mavy*, 2025 WL 2355222, at *7 (collecting cases).

Second, as many courts have recognized, "[m]any harms flow from the submission of fake opinions." *See, e.g.*, *Johnson v. Dunn*, 792 F. Supp. 3d 1241, 1256 (N.D. Ala. July 23,

1    2025) (collecting cases).  The most obvious harm is to the client, who is "deprived of

2    arguments based on authentic judicial precedents." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443,

3    448 (S.D.N.Y. Jun. 22, 2023).  Additionally, courts must invest time investigating the

4    authenticity of dubious citations, weighing the correct sanctions, and explaining their rulings.

5    The proliferation of fake citations also risks serious harm to the judicial system itself,

6    promoting a cynical view of the legal profession and potentially tempting future litigants to

7    defy a court's ruling by disingenuously claiming doubt about its authenticity. *Id.* at 448–49.

8         Finally, the Court considers the specific actions of Attorney Finley in this case.  While

9    Attorney Finley casts blame on his paralegal, he did ultimately accept responsibility for the

10   fake citations appearing in his Response.  This stands in contrast to the actions of counsel in

11   *Mata*, who "doubled down" on the validity of fake citations. 678 F. Supp. 3d at 449.  However,

12   "regret and apologies are not necessarily enough to avoid the imposition of sanctions for the

13   submission of non-existent legal authority." *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp.

14   3d 341, 350 (E.D.N.Y. Apr. 24, 2025).

15        Therefore, after considering sanctions imposed by other courts for similar conduct, the

16   need to deter the future use of fake authorities, and Attorney Finley's conduct in this case, the

17   Court finds that the below sanctions are the least severe necessary to satisfy Rule 11(c)(4):

18   1.  Plaintiff's Response to Defendants' Motion to Dismiss First Amended Complaint,

19       (ECF No. 38), and Plaintiff's Response to Defendants' Motion to Strike First

20       Amended Complaint, (ECF No 39), are stricken;

21   2.  The Court awards Defendants BSI and MERS all reasonable attorney's fees and costs

22       incurred by their counsel for the time they spent in researching and replying to

23       Plaintiff's Response to Defendants' Motion to Dismiss First Amended Complaint,

24       (ECF No. 38), and Plaintiff's Response to Defendants' Motion to Strike First

25       Amended Complaint, (ECF No 39);

3.  Attorney Finley is ordered to serve a copy of this Order on Plaintiff; and

4.  The Clerk of Court is kindly directed to serve a copy of this Order on the Nevada State Bar Association, of which Attorney Finley is a member.

### C.  Defendants' Motion to Strike First Amended Complaint

Because the sanctions imposed by this Court include striking Plaintiff's Response to the Motion to Strike, the Motion is unopposed, which constitutes consent to the granting of the Motion. *See* LR 7-2(d).  Moreover, the Motion to Strike would have been granted on its merits because Plaintiff's First Amended Complaint was untimely.  Under Federal Rule of Civil Procedure 15(a)(1), a party may only amend a pleading requiring a response "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Here, Defendants filed a Rule 12(b)(6) motion to dismiss Plaintiff's Complaint on July 30, 2025. (*See* Motion to Dismiss, ECF No. 6). Plaintiff filed its First Amended Complaint on September 24, 2025, over two months later. (*See* FAC, ECF No. 31).

Thus, the Court GRANTS the Motion to Strike First Amended Complaint and DENIES the Motion to Dismiss First Amended Complaint as MOOT.

### D.  Defendants' Motion to Dismiss Complaint

The Court next turns to Defendants' Motion to Dismiss Complaint, (ECF No. 6).  As an initial matter, Plaintiff never filed a response to the Motion to Dismiss despite receiving three extensions of time to do so. (*See* Orders Granting Stipulation to Extend Time, ECF Nos. 17, 24, 28).  Under Local Rule 7-2(d), that constitutes consent to the granting of the Motion.  However, the Court nonetheless addresses the merits of Defendants' arguments.  Because each of Plaintiff's claims fail as a matter of law, and cannot be cured by amendment, the Court GRANTS the Motion to Dismiss Complaint with prejudice.

///

1

### 1. Quiet Title Claim

In pursuit of its quiet title claim, Plaintiff alleges that the Deed of Trust is unenforceable due to numerous defects, including a lost Note, defective loan origination, invalid power of attorney, and invalid Assignment of Mortgage. (*See* Compl. ¶ 69). However, as Defendants point out, Plaintiff took title to the property subject to the Deed of Trust and agreed to pay it. (Sale Deed at 1, Ex. H to Mot. Dismiss FAC). Plaintiff cannot accept the benefit of the property while repudiating the Deed of Trust associated with it. *See Federal Mining & Engineering Co. v. Pollak*, 85 P.2d 1008, 1012 (Nev. 1939); *Alexander v. Winters*, 49 P. 116, 119 (Nev. 1897).

Moreover, Plaintiff lacks standing to complain about origination defects or transfer issues with the Deed of Trust because Plaintiff was not a party or a third-party beneficiary to the Deed of Trust. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that homeowners lacked standing to challenge contract assignment because they were neither parties or intended third-party beneficiaries to the contract). Similarly, Plaintiff lacks standing to challenge the validity of the Deed of Trust on power of attorney grounds. *See Wells v. Bank of Nevada*, 522 P.2d 1014, 1017–18 (Nev. 1974).

Finally, Plaintiff's argument that the Deed of Trust is void because the Note is lost or defective has been "resoundingly rejected in Nevada." *Diaz v. Wells Fargo Bank*, No. 2:12-cv-00850-MMD-CWH, 2013 WL 275888, at *2 (D. Nev. Jan. 24, 2013) (citing *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *4–*5 (D. Nev. Jan. 22, 2009)). Thus, Defendants' Motion to Dismiss this claim is GRANTED.

### 2. Cancellation of Instruments Claim

Plaintiff next seeks cancellation of the Deed of Trust under NRS 107.073, (Compl. ¶ 75), but that statute provides only a procedural mechanism for how a deed of trust may be discharged with the county recorder and is inapplicable to this case. Accordingly, Defendants'

1    Motion to Dismiss this claim is GRANTED.

2    ### 3.  Claims for Violation of NRS 107.080 and 107.510

3    Plaintiff's next claim alleges that Defendants violated NRS 107.080 by failing to provide

4    proper notice of foreclosure to Plaintiff, and NRS 107.510 by failing to contact Plaintiff to

5    explore foreclosure alternatives. (Compl. ¶ 79).  However, both claims fail as a matter of law.

6    First, NRS 107.080 only requires that notice of default be sent to "the address the recorded

7    documents provide" for each person entitled to it. *U.S. Bank, N.A. v. Resources Group, LLC*,

8    444 P.3d 442, 446 (Nev. 2019).  Here, Defendants' foreclosure trustee did mail notice of

9    default to Plaintiff's address listed in the Sale Deed. (Reply 7:8–12, ECF No. 40).  Second,

10    Plaintiff's claim for violation of NRS 107.510 fails because that statute applies only to

11    residential mortgage loans, which are defined by NRS 107.450 as "a loan which is primarily for

12    personal, family or household use and which is secured by a mortgage or deed of trust on

13    owner-occupied housing."  Here, the property is no longer "owner-occupied" and NRS 107.510

14    is thus inapplicable. *See Agio, LLC v. Quality Loan Service Corp.*, 2020 WL 5634152, at *1

15    (Nev. 2020) (declining to consider property purchased at a foreclosure sale as owner-occupied

16    because appellant "owned it and did not occupy the property as its primary residence").  Thus,

17    Defendants' Motion to Dismiss this claim is GRANTED.

18    ### 4.  Breach of Contract and Implied Covenant Claims

19    Plaintiff bases its claims for breach of contract and breach of implied covenant of good

20    faith on the premise that the Deed of Trust and Veteran's Affairs ("VA") Rider are contracts

21    between Plaintiff and Defendants. (Compl. ¶¶ 86, 91).  However, Plaintiff is not a party or

22    third-party beneficiary to either contract; both contracts are between the original occupants of

23    the property, John and Linda Powell, and Defendants. (Deed of Trust at 1–2, Ex. B to Motion

24    Dismiss FAC, ECF No. 32-2); (*id.* at 19).  Thus, both claims fail and Defendants' Motion to

25    Dismiss these claims is GRANTED.

### 5.  The Unfair Trade Practices Claim

Finally, Plaintiff alleges that Defendants violated the Nevada Unfair Trade Practices Act (NRS 598A). (Compl. ¶¶ 100–01).  However, this claim fails as a matter of law because NRS 598A does not apply to real estate loan transactions. *See Zizi v. Republic Mortgage, LLC*, No. 2:12-cv-00018-GMN-PAL, 2013 WL 1249654, at *5 (D. Nev. Mar. 27, 2013).  Accordingly, Defendants' Motion to Dismiss this claim is GRANTED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Court imposes the following SANCTIONS on Attorney Finley:

1.  Plaintiff's Response to Defendants' Motion to Dismiss First Amended Complaint, (ECF No. 38), and Plaintiff's Response to Defendants' Motion to Strike First Amended Complaint, (ECF No 39), are stricken;[3]

2.  The Court awards Defendants BSI and MERS all reasonable attorney's fees and costs incurred by their counsel for the time they spent in researching and replying to Plaintiff's Response to Defendants' Motion to Dismiss First Amended Complaint, (ECF No. 38), and Plaintiff's Response to Defendants' Motion to Strike First Amended Complaint, (ECF No 39);[4]

3.  Attorney Finley is ordered to serve a copy of this Order on Plaintiff; and

4.  The Clerk of Court is kindly directed to serve a copy of this Order on the Nevada State Bar Association, of which Attorney Finley is a member.[5]

///

---

[3] The stricken filings are included as Exhibits A and B to this Order, respectively.

[4] The parties' counsel shall promptly confer and attempt in good faith to determine and agree upon such reasonable attorney's fees and costs.  If the parties cannot reach a stipulation by January 28, 2026, about the amount of attorney's fees and costs owed, the court will entertain a Motion for Attorney fees consistent with LR 54-14, which the parties must file no later than February 25, 2026.

[5] (*See* Response to Motion to Strike 12:8–9 (listing Nevada Bar No. 9310 under Attorney Finley's name)).

1

2

**IT IS FURTHER ORDERED** that the Motion to Strike First Amended Complaint, (ECF No. 33), is **GRANTED**.

3

4

**IT IS FURTHER ORDERED** that the Motion to Dismiss First Amended Complaint, (ECF No. 32), is **DENIED** as **MOOT**.

5

6

**IT IS FURTHER ORDERED** that the Motion to Dismiss Complaint, (ECF No. 6), is **GRANTED.**  Plaintiff's Complaint is **DISMISSED with prejudice**.

7

The Clerk of Court is kindly directed to close the case.

8

Dated this  30  day of December, 2025.

9

10

11

Gloria M. Navarro, District Judge
United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25